IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES )
) CR 15-04
) CV 19-57
v.

IGNACIO LEON

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty, via Rule 11(c)(1)(C), to one Count of violating 21 U.S.C. §§ 846, 18 U.S.C. § 2. On February 26, 2018, he was sentenced to a term of imprisonment of 180 months, with credit for time served from the date of his arrest in Mexico, believed to have occurred on January 7, 2016, followed by a term of supervised release. No appeal was taken. On March 5, 2019, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Following Miller notice, Defendant made no additional filing, and the Court issued a briefing schedule.[1] The Government filed its response, and the Motion is ripe for disposition.

### OPINION

**I.     SECTION 2255**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter,

---

[1] Judge Cercone presided over this matter until it was transferred to my docket on July 29, 2019.

1

93 Fed. Appx. 402 (3d Cir. 2004). Further, pro se pleadings are to be liberally construed, and I have considered Defendant's submissions accordingly. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

II.     **DEFENDANT'S MOTION**

Defendant, a native Spanish speaker, asserts ineffective assistance of counsel stemming from a breakdown in communication between Defendant, counsel, and the interpreter. Defendant contends that counsel intentionally used miscommunication between counsel and the interpreter to deceive Defendant into signing the plea. He claims he was instructed to answer in the affirmative to all questions at the plea colloquy, and that the interpreter misled and misinformed him. He claims that he was not advised about mandatory minimum sentences, was misinformed about the plea deal, was not given information regarding how to obtain a bilingual lawyer, and had no opportunity to use the plea deal as leverage for a treaty transfer.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct.

Id. at 689.  A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." Id. at 686.  Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Strickland, 466 U.S. at 700.

"[T]he representations of the defendant...as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). "[A]bsent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008). Consistent with these principles is the "fundamental interest in the finality of guilty pleas." Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

During Defendant's October 23, 2017 change of plea proceeding, the following exchanges occurred:

> Court: For the record, we do have a certified translator here. If there's anything that I say that you do not understand, please ask me to repeat it and I will, or to explain further, I will.
>
> Defendant: Yes, your honor.
> **
> Court: Mr. Leon, do you understand the charge against you?
>
> Defendant: Yes, your Honor.
> **

Government counsel: Your honor…I would just want to make sure it's clear that Mr. Montes Leon understands the nature of the charge…I just want to make sure the record is clear on that point.

Court: Sir, do you understand the amounts of the controlled substances that you are charged with possessing?

Defendant: Yes, your honor.

At that juncture, the Court reviewed Defendant's pertinent constitutional rights, the elements of the offense charged, and applicable penalties. Counsel for the Government read the terms of the plea agreement into the record. The proceeding continued:

Court: Mr. Leon, do you agree that Mr. Piccinini stated the terms of the plea agreement as you understand them to be?

Defendant: Yes, your Honor, I agree.
**
Defense counsel: Your Honor, I would only note that the interpreter that is here with us today is a court certified interpreter, is the person who interpreted and translated…the plea agreement, into Spanish.
**
Court: Mr. Leon, other than the terms and promises contained in the plea agreement, has anyone offered you anything to secure your plea of guilty to Count One—has anybody offered you anything or made any promises to you, other than the plea agreement?

Defendant: No – I don't really understand.

Court: Has anyone offered you any inducements to get you to plead guilty to this charge, other than the plea agreement?

Defendant: No.
**
Court: So would it be fair and accurate to say that your plea of guilty to Count One was the product of your own free and rational choice?

Defendant: Yes, your honor.

Defendant has not established either prejudice or deficient conduct of the type contemplated by Strickland. He does not assert that different or additional information about mandatory minimum sentences, the plea deal, or obtaining a bilingual lawyer would have altered

the outcome of this proceeding in any way. There is no suggestion in the record or otherwise that he would have been able to effectively use the plea deal as leverage for a treaty transfer, had he been afforded the opportunity to do so. The record belies the fact that Defendant felt coerced or compelled to do nothing but answer "yes" at the plea colloquy, as he did respond to a question from the Court by saying, "I don't really understand."

Moreover, our Court of Appeals has not recognized a right to a bilingual attorney, United States v. Ortiz-Garcia, 383 F. App'x 119, 127 (3d Cir. 2010), and the docket reflects that court-certified interpreter Ana Lahr assisted in this proceeding. She was placed under oath at the change of plea hearing. Defendant does not point to any specific misstatements or misinterpretations by counsel or Ms. Lahr; instead, he makes only conclusory, generalized allegations. As the Government points out, Defendant's counsel ensured that essential documents were translated into Spanish for Defendant's benefit, and that he had access to a laptop computer at the Allegheny County Jail. There is no credible suggestion that defense counsel deceived Defendant, intentionally or otherwise.

For present purposes, I accept Defendant's assertions that he was confused, in poor physical condition, and afraid when he arrived in the United States in August, 2016, as well as his assertion of unfamiliarity with the American legal system. While warranting empathy, these difficult facts alone are not sufficient to establish entitlement to relief under Section 2255. As has been stated elsewhere, "[m]ovant's belated language barrier claim is insufficient to demonstrate ineffectiveness of counsel, or an insufficiency in the interpreting services provided by defense counsel or the court." United States v. Miranda-Oregel, No. 2:10-cr-0007, 2014 U.S. Dist. LEXIS 32902, at *27-28 (E.D. Cal. Mar. 11, 2014). Similarly, Defendants' conclusory

assertions that counsel failed to explain various aspects of the proceeding are insufficient to give rise to relief under Strickland.

### IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, as regards the Section 2255 contentions denied herein, Defendant has not made such a showing. Therefore, no certificate of appealability shall issue.

### CONCLUSION

For the foregoing reasons, Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. His Motion will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta W. Ambrose_

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: November 14, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                )
                             )  CR 15-04
                             )  CV 19-57
    v.

IGNACIO LEON

**ORDER**

AND NOW, this 14th day of November, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED, and no certificate of appealability shall issue.

                                    BY THE COURT:

                                    _/s/ Donetta W. Ambrose_

                                    Donetta W. Ambrose
                                    Senior Judge, U.S. District Court